IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       **Case No. 12-40004-01-RDR**

CHAD RANDALL ANDERSON,

        Defendant.

### O R D E R

This case is before the court upon defendant's motion to enlarge the motion deadline and continue the motions hearing in this case. Doc. No. 8. The motion indicates that it is unopposed.

Defense counsel represents that he received 35 computer disks of material relating to this case from the government one week before the motions deadline. He asks for additional time to review this material so that he may consider how to proceed in this matter.

Upon review, the court shall grant defendant's motion for extension of time. Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the

failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The indictment in this case contains a single charge of felon in possession of a firearm along with a forfeiture allegation. This does not appear to be a complex case. The discovery, however, was only recently shared with counsel for defendant. So, additional time appears necessary so that counsel can fairly decide whether and how to proceed with pretrial motions, taking into account the exercise of due diligence. The court believes that the requested extension of time is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and efficient resolution of this matter. Defendant is detained pending trial and will not be a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public

and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and the deadline for filing pretrial motions shall be continued to March 16, 2012. Responses to pretrial motions shall be due on March 23, 2012. A hearing upon pretrial motions shall be set for March 30, 2012 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2012 at Topeka, Kansas.

                                              s/Richard D. Rogers
                                              United States District Judge